IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BILLY RAYFORD JOHNSON | § | |
| VS. | § | CIVIL ACTION NO. 9:18cv114 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Billy Rayford Johnson, an inmate confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends dismissing the petition as a successive petition.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes petitioner's objections should be overruled. Alternatively, petitioner's petition is without merit. The Texas Court of Criminal Appeals decided that "a life-sentenced inmate is not eligible for release to mandatory supervision" because, under a literal reading of the law governing eligibility for release on mandatory supervision, "it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life." *Ex parte Franks*, 71 S.W.3d 327, 328 (Tex. Crim. App. 2002). Additionally, the Fifth Circuit has rejected petitioner's claims that his constitutional rights have been violated. *See Arnold v. Cockrell*, 306 F.3d 277, 278 (5th Cir. 2002) (holding that because petitioner

1

was not eligible for release on mandatory supervision based on the Texas Court of Criminal Appeals' decision in *Ex parte Franks*, petitioner did "not have a constitutional claim for which relief can be granted"); *see also, e.g., Wade v. Quarterman*, 2009 WL 2591246 (S.D. Tex. 2009) (relying on *Franks* and *Arnold* for dismissal of petitioner's due process, equal protection and *ex post facto* challenges to his ineligibility for mandatory supervision release where petitioner was convicted of murder and sentenced to life imprisonment). Petitioner has failed to establish the violation of a constitutional right and has failed to state a claim upon which habeas relief may be granted.

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient

showing to merit the issuance of a certificate of appealability.  Accordingly, a certificate of appealability shall not be issued.

## O R D E R

Accordingly, petitioner's objections are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**.  A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED** this the **21** day of **July, 2021.**

_____
Thad Heartfield
United States District Judge